IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MARVIN BONILLA-BONILLA,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| V. : | |
| : | NO. 5:23-cv-00015-TES-MSH |
| **GEORGIA DEPARTMENT** : | |
| **OF CORRECTIONS,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER

Plaintiff Marvin Bonilla-Bonilla, a prisoner in Central State Prison in Macon, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1; Recast Compl., ECF No. 7; Second Recast Compl., ECF No. 9. Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 8; Prisoner Trust Fund Account Statement, ECF No. 10. The United States Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee of $18.17. Order, ECF No. 11.

Thereafter, Plaintiff failed to pay the initial partial filing fee within the allotted time and failed to respond to the Magistrate Judge's order to show cause why the Court should not dismiss this case based on his failure to pay the initial partial filing fee. As a result, this Court dismissed Plaintiff's case without prejudice for failure to pay the initial partial filing fee. Order, ECF No. 13. Plaintiff has now filed a response to the dismissal, which the Court construes as a motion for reconsideration. Mot. for Reconsideration, ECF

No. 15.

In this motion, Plaintiff asserts that he did not receive the Court's April 19, 2023, order to pay the initial filing fee until May 30, 2023. *Id.* at 1. Because Plaintiff is blind and speaks and understands only a little English, he did not initially understand the importance of the order. *Id.* Plaintiff does not say when he received the order to show cause, but he asserts that, with the help of another inmate, he attempted to mail a response to the order to show cause on June 15, 2023. *Id.* at 1–2. To date, this Court has not received Plaintiff's response to the order to show cause.

Plaintiff further asserts that he has asked the administration to pay the initial partial filing fee from his account on "numerous occasions," but the administration has not complied with his requests. *Id.* at 2. Additionally, Plaintiff asked his sister to help by sending a money order to the Court to satisfy the initial partial filing fee, but his sister inadvertently sent the money order to the Northern District of Georgia, rather than to this Court, on two separate occasions. *Id.*

Under Fed. R. Civ. P. 59(e), the Court may alter or amend a judgment in order to prevent a manifest injustice. *See United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003). Here, Plaintiff explains that he attempted to comply with the Court's orders, but he was unable to do so because of circumstances outside his control, including delays in the mail, uncooperative prison administrators, and his sister's mistake. Under these circumstances, the Court will set aside the order of dismissal in the interests of justice. Therefore, the Court now **ORDERS** that the June 27, 2023, order of dismissal (ECF No. 13) and June 28, 2023, judgment (ECF No. 14) be **VACATED**.

The Court also waives prepayment of the initial partial filing fee. Thus, this case will proceed. Although Plaintiff will be permitted to proceed without prepayment of the initial partial filing fee, he is still responsible for payment of the fee in full, as set forth in the Court's previous order.

Additionally, the Court notes that, in his motion for reconsideration, Plaintiff asserts that he needs counsel to assist him in this matter. "Appointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Instead, appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, the Court now **DENIES** Plaintiff's request for appointment of counsel. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

Having vacated the order of dismissal and judgment and waived prepayment of the filing fee, the Court now refers this case back to the United States Magistrate Judge for the preliminary review of Plaintiff's complaint.

**SO ORDERED**, this 17th day of July, 2023.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**