IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARVIN BONILLA-BONILLA, | : | |
| Plaintiff, | : | |
| v. | : | NO. 5:23-CV-15-TES-MSH |
| JOHN BARFIELD, *et al.*, | : | |
| Defendants. | : | |

## ORDER

On January 18, 2023, the Court received Plaintiff's complaint made pursuant to 42 U.S.C. § 1983 (ECF No. 1). Following initial review of the complaint, the Court ordered service be made on Defendants as Plaintiff was proceeding *in forma pauperis*, and in relevant part, directed Plaintiff to move for service on John Doe Doctor if Plaintiff learned the name of John Doe Doctor[1] (ECF Nos. 11; 17, at 10 n.1). Plaintiff subsequently filed a motion naming John Doe Doctor as Doctor Eni Nwabueze and seeking to add as a defendant the medical administrator at Central State Prison (ECF No. 27). For the following reasons, Plaintiff's motion is granted-in-part and denied-in-part.

To the extent Plaintiff seeks to amend his complaint to substitute Doctor Eni Nwabueze for John Doe Doctor, the Court **GRANTS** Plaintiff's motion (ECF No. 27). The Clerk is **DIRECTED** to substitute Doctor Eni Nwabueze for John Doe Doctor and to

---

[1] When the Clerk docketed the District Judge's Order (ECF No. 26) adopting this Court's Report and Recommendation, John Doe Doctor was erroneously terminated. The Clerk is **DIRECTED** to modify the docket text consistent with this Order.

initiate service on Defendant Doctor Eni Nwabueze. Service may be made upon said Defendant consistent with the information provided by Plaintiff (ECF No. 27).

To the extent Plaintiff seeks to amend his complaint to add the medical administrator at Central State Prison, the Court **DENIES** Plaintiff's motion (ECF No. 27). Plaintiff has made no factual allegations as to the medical administrator. *See* Fed. R. Civ. P. 8(a) (requiring, in relevant part, "a short and plain statement" of the facts and claim against a defendant). Plaintiff may seek to amend his complaint consistent with Federal Rule of Civil Procedure 15.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional claims against Defendant Doctor Eni Nwabueze, it is accordingly **ORDERED** that service be made on Defendant Doctor Eni Nwabueze and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant Doctor Eni Nwabueze is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. All Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.

Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each

party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and DIRECTED**, this 12th day of September, 2023.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE