IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARVIN BONILLA-BONILLA, | : |
| Plaintiff, | : |
| VS. | : Case No. 5:23-cv-00015-TES-AGH |
| JOHN BARFIELD, *et al.*, | : |
| Defendants. | : |

## ORDER

Before the Court are Defendants' motions to dismiss (ECF Nos. 49, 53), and the medical Defendants' amended motion for summary judgment (ECF Nos. 60, 63). On July 18, 2024, the Court held a telephonic status conference at Plaintiff's counsels' request. For the following reasons, the Court now terminates the pending motions and reopens discovery for a limited purpose and period.

The status of this case has changed significantly in the last three months. First, the magistrate judge previously presiding in this case retired and the undersigned was appointed as magistrate judge on July 1, 2024. Second, on July 11, 2024, the Court reconsidered its July 18, 2023, order denying Plaintiff's request for appointed counsel (ECF Nos. 15, 16 at p. 3), and appointed counsel on Plaintiff's behalf (ECF No. 72). The Court reconsidered its order denying counsel, in part, because it appeared Plaintiff's circumstances compromised his access to the courts. Third, at the status conference, counsel for Plaintiff asserted that Plaintiff had not had the opportunity to participate meaningfully in discovery as it relates to the

pending motions to dismiss, and he orally moved to extend the time for Plaintiff's response and for a limited period of discovery to properly respond to Defendants' motions to dismiss. The Court orally granted Plaintiff's motion at the status conference. Fourth, as it relates to the medical Defendants' motion for summary judgment, which is based on those Defendants' alleged deliberate indifference to Plaintiff's medical needs, the Court of Appeals for the Eleventh Circuit recently announced a change in the standard governing Eighth Amendment claims of deliberate indifference. *Wade v. McDade*, No. 21-14275, --- F.4th ----, 2024 WL 3354963 (11th Cir. July 10, 2024).

In light of the shift in the landscape of this case, the clerk is directed to **TERMINATE** the motions to dismiss (ECF Nos. 49, 53), and the motion for summary judgment as amended (ECF Nos. 60, 63). The Court **REOPENS** discovery for a limited purpose and period as follows:

- <u>Discovery for Motions to Dismiss</u>: The parties shall have through and including **September 3, 2024**, to conduct discovery solely as to the question of whether Plaintiff exhausted his administrative remedies prior to filing his claims in this Court.

- <u>Motions to Dismiss Deadlines</u>: After this limited discovery period has closed, if Defendants wish to file motions to dismiss, they shall do so by **September 17, 2024**. Plaintiff shall file his response within **fourteen (14) days** of the filing of said motions to dismiss. Defendants shall file any desired replies within **seven (7) days** of the filing of Plaintiff's response.

- <u>Hearing on Motion to Dismiss</u>:  The Court will thereafter schedule a hearing on any such motion to dismiss as soon as practicable.

Should the Court deny a motion to dismiss, the parties will be provided with sixty (60) days of discovery, and the parties shall be permitted to file motions for summary judgment, as may be appropriate.[1]  The parties are advised that any subsequent motion for summary judgment shall address the newly adopted standard for deliberate indifference as set forth by the Eleventh Circuit.  *See Wade*, 2024 WL 3354963.

**SO ORDERED**, this 19th day of July, 2024.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

[1] If the parties are in agreement that they would like to simply reopen discovery for a period of ninety (90) days, followed by the filing of dispositive motions, they may notify the Court of their agreement and the Court will enter an order doing so.  Any such request must be made by 5:00pm August 2, 2024.